# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-0479 & 3D23-0967
Lower Tribunal No. 19-37396
_____


**Carmen A. Hernandez**,
Appellant/Appellee,

vs.

**Heritage Property & Casualty Insurance Company**,
Appellee/Appellant.


Appeals from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Giasi Law, P.A., and Melissa A. Giasi and Erin M. Berger (Tampa), for appellant/appellee.

Kubicki Draper, and Angela C. Flowers (Ocala), for appellee/appellant.


Before SCALES, GORDO, and LOBREE, JJ.

SCALES, J.

In appellate case number 3D23-0479, Carmen Hernandez, the plaintiff below, appeals the final summary judgment entered in favor of the defendant below, Heritage Property & Casualty Insurance Company ("Heritage"). In appellate case number 3D23-0967, Heritage appeals the final order denying Heritage's motion to tax attorney's fees and costs ("fees motion") based on a proposal for settlement. We, *sua sponte*, have consolidated the appeals.

In December 2019, Hernandez filed this first-party action against her insurer, Heritage, seeking insurance benefits under her homeowner's insurance policy. On November 25, 2022, Heritage moved for final summary judgment. Apparently unable to obtain a hearing date for its summary judgment motion that was agreeable to the parties, Heritage filed a motion in the trial court to set a hearing date. On January 9, 2023, the trial court entered an order setting Heritage's summary judgment motion for a hearing to be held on January 23, 2023 (fourteen days later), and, on that date, issued a notice of hearing.

Hernandez, who had not yet filed a response to Heritage's summary judgment motion – citing to Florida Rule of Civil Procedure 1.510(c)(5)[1] –

---

[1] The rule provides:

(5) *Timing for Supporting Factual Positions*. At the time of filing a motion for summary judgment, the movant must also serve the movant's supporting factual position as provided in subdivision

moved to continue the summary judgment hearing, arguing that the trial court had not given Hernandez "the twenty (20) days required in advance of the hearing to properly respond to the Defendant's Motion for Summary Judgment." By written order, the trial court denied Hernandez's motion to continue just prior to holding the January 20, 2023 summary judgment hearing. At the January 20th hearing, again citing rule 1.510(c)(5), Hernandez orally renewed her motion to continue the hearing, arguing that "the Motion for Summary Judgment hearing being today would not have given me a sufficient 20 days to make sure I get a Response in timely so that the Defendant could at least make a Response or a Reply under the rule, if he needed to." The trial court again declined to continue the hearing.

Noting that Hernandez had not served a response to Heritage's summary judgment motion and otherwise finding that Heritage's summary judgment motion and evidence were sufficient, the trial court granted Heritage's motion for summary judgment and, on January 24, 2023, entered the challenged final summary judgment.

---

(1) above. **At least 20 days before the time fixed for the hearing, the nonmovant must serve a response that includes the nonmovant's supporting factual position as provided in subdivision (1) above.**

Fla. R. Civ. P. 1.510(c)(5) (emphasis added).

3

Hernandez timely moved for rehearing, arguing again that, pursuant to rule 1.510(c)(5), the trial court was required to give Hernandez at least twenty days to respond to Heritage's summary judgment motion before conducting the summary judgment hearing. The trial court denied Hernandez's rehearing motion. Hernandez timely appealed the final summary judgment (appellate case number 3D23-0479).

Effective May 1, 2021, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510 to adopt the federal summary judgment standard. See In re Amends. to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 77 (Fla. 2021); In re Amends. to Fla. R. Civ. P. 1.510, 309 So. 3d 192, 192 (Fla. 2020). "Subdivision (c)(5), which is **not** present in the federal rule, sets forth the timing requirements for the parties' supporting factual positions and **requires** the nonmovant to serve a response to a motion for summary judgment at least twenty days prior to the hearing[.]" Llloyd S. Meisels, P.A. v. Dobrofksy, 341 So. 3d 1131, 1134-35 (Fla. 4th DCA 2022) (footnote omitted). If the nonmovant fails to timely serve the response required by the rule, the trial court has the discretion to consider the facts undisputed and to grant summary judgment in favor of the movant if the summary judgment motion and supporting materials show that the movant is entitled to it. See Fla. R. Civ. P. 1.510(e)(2)-(3).

4

Apparently, because Hernandez filed no opposition to Heritage's summary judgment motion, the trial court entered summary judgment for Heritage. Without reaching the merits of the challenged summary judgment, we reverse the final summary judgment because, by noticing Heritage's summary judgment motion for a hearing to be held in a mere fourteen days, the trial court made it impossible for Hernandez – who had not yet responded to Heritage's summary judgment motion – to comply with rule 1.510(c)(5).

Accordingly, we reverse the challenged final summary judgment without prejudice to Heritage's summary judgment motion being set for a future hearing where Hernandez is given at least twenty days to serve her response in accordance with rule 1.510(c)(5). Cf. Beaches MRI v. Safeco Ins. Co. of Ill., 386 So. 3d 965, 965 (Fla. 4th DCA 2024) ("We reverse because the trial court granted Safeco's motion for summary judgment even though the motion was filed in violation of Florida Rule of Civil Procedure 1.510(b)'s requirement that the motion and evidence be filed at least 40 days before the hearing.").

With regard to Heritage's appeal of the trial court's denial of its fees motion (appellate case number 3D23-0967), because Heritage's fees motion was predicated upon the final summary judgment, we must vacate, as

premature,[2] the May 1, 2023 order denying Heritage's fees motion. <u>See</u> <u>Berkley Ins. Co. v. Banc of Am. Cmty. Dev. Co.</u>, 386 So. 3d 623, 625 (Fla. 2d DCA 2024) ("BACDC and Bank of America's motion for attorney's fees and costs was predicated upon the partial final judgment. Our reversal in part of that judgment necessitates vacatur of the fee order as premature. We therefore remand for the trial court to vacate the fee order.").

Summary judgment reversed; order on fees motion vacated.

---

[2] We express no opinion on the merits as to whether the trial court erred in denying Heritage's fees motion.